Opinion
WATAI, J.
— Defendant Patti Cox (appellant) appeals from a judgment in an unlawful detainer action. Appellant contends her rental unit is a dwelling unit within the meaning of Los Angles Municipal Code section 12.03, and therefore the trial court erroneously concluded that her unit was not subject to Los Angeles Municipal Code, chapter XV, article 1. Appellant also contends respondent failed to comply with the requirements of the Los Angeles Municipal Code.
Facts
Respondent is the owner of a single-family residence in an area of Los Angeles commonly known as “Uplifters Ranch” or “Rustic Canyon.” This is a residential community consisting of single-family dwellings with no apartments or duplexes within that area.
*Supp. 18 Respondent’s single-family residence has only one address. This residence is built on a hillside and consists of three floors. There is at least one bedroom on each of the floors. The street level floor contains two bedrooms, a bathroom, a living room, a dining room, and a kitchen. The downstairs level contains a family room as well as a storage room approximately 10 feet by 12 feet in size. There is outside access to this downstairs area by a separate entrance as well as inside access by an interior stairway. This downstairs area contains a toilet and a shower and opens onto a pool and deck area. The washer, dryer, water heater and furnace are accessible only by going through the main room of the downstairs area.
In February 1992, respondent advertised in the local newspaper that he was seeking tenants. Appellant answered said advertisement, and on or about March 1,1992, appellant and respondent reached an oral tenancy agreement. Under this agreement, appellant rented the downstairs area, including the storage room, for the sum of $700 per month, payable on the first of each month, plus a $700 security deposit. Respondent provided a microwave oven, a toaster oven, a small refrigerator, and a table and chairs for appellant’s use in the downstairs area. Appellant also agreed to show the house to realtors, since the house was for sale, as well as to allow respondent access to the washer, dryer, water heater and furnace. Appellant paid the sum of $1,400 and moved in.
On October 4, 1992, respondent personally served appellant with a letter, which was his 30-day notice to appellant to vacate the premises. Appellant failed to vacate the premises at the expiration of this 30-day period, and respondent filed the instant action for unlawful detainer on December 11, 1992. Appellant alleged as an affirmative defense, inter alia, that respondent’s demand for possession violated the Los Angeles Rent Stabilization Ordinance, Los Angeles Municipal Code section 151.00 et seq.[1]
The trial was held on February 17, 1993. On February 18, 1993, the trial court entered judgment against appellant, awarding respondent restitution of the premises but no monetary damages. The trial court sent a copy of the judgment to both parties, along with a letter explaining the court’s reasoning in arriving at the judgment: “The logical and legally compelling interpretation of the [Rent Stabilization] Ordinance as it applies to the facts of this case is that the dwelling occupied by Defendant Cox is a rental unit within the meaning of Section 12.03 but which unit comes within the single family dwelling exemption. In other words, the Court reasons that the intent of the council was to exclude rentals of units in a single family residence. The *Supp. 19 Court further reasons that the use of the premises by two unrelated occupants does not render the single family dwelling a multiple dwelling to bring it within the purview of the Ordinance.” Appellant filed a timely notice of appeal from this determination.
Discussion
Appellant first contends her unit was a dwelling unit within the meaning of section 12.03. This section provides in relevant part: “Dwelling unit. A group of two or more rooms, one of which is a kitchen, designed for occupancy by one family for living and sleeping purposes. . . . M] Kitchen. Any room or any portion of a dwelling unit whether an enclosing subdivision thereof or otherwise, used or intended or designed to be used for cooking and preparing food . . . .” In the present case, the evidence showed that respondent had furnished appellant with a small refrigerator, a microwave oven, and a toaster oven. The area in which theses appliances were located was clearly a “portion of [the room] used or intended or designed to be used for cooking an preparing food.” Appellant’s living area thus contained a kitchen, and we therefore agree with the trial court’s conclusion that appellant’s rental unit constituted a dwelling unit as defined in section 12.03.
We next address whether appellant’s unit was subject to Los Angeles Municipal Code, chapter XV, article 1. This article applies to: “Rental Units. All dwelling units, efficiency dwelling units, guest rooms, and suites, as defined in Section 12.03 of this Code and duplexes and condominiums in the City of Los Angeles, rented or offered for rent for living or dwelling purposes .... The term shall not include: [¶] 1. Dwellings, one family, except where three or more dwelling units are located on the same lot. This exception shall not apply to duplexes or condominiums.” (§ 151.02.) Section 12.03 also contains the following definitions: “Dwelling, one-family. A detached dwelling containing only one dwelling unit. HQ Dwelling, two-family. A dwelling containing two dwelling units.”
We agree with the trial court’s interpretation of the above statutes. The council’s intent in providing an exception for single-family dwellings was to exclude from application of chapter XV, article 1, all rentals of units in single-family residences. The facts support the trial court’s determination that, although appellant’s living area constitutes a dwelling unit, respondent’s building does not constitute a two-family dwelling. Respondent’s building “has one address applicable to it.” This is a single-family residence, in an exclusively single-family residential community. Besides outside access to the unit in question, there is also internal access by an interior stairway. Thus, the trial court correctly found that the exception set forth in section 151.02 applies in this case.
*Supp. 20 Disposition
The judgment is affirmed. Respondent to recover costs on appeal.
Johnson, Acting P. J., concurred.

All further statutory references will be to the Los Angeles Municipal Code unless otherwise indicated.